## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LAURA MENDEZ, and MARIA TORRES, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHICAGO, CHICAGO POLICE | ) |
| OFFICER A.H. ZAYAS Star # 10661, and | ) |
| CHICAGO POLICE OFFICER M.A. LOZA | ) |
| Star # 10515. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COME the plaintiffs, LAURA MENDEZ, and MARIA TORRES, by and through

their attorneys, Sean C. Harrison and James Baranyk, and for their Complaint against defendants

CITY OF CHICAGO, CHICAGO POLICE OFFICER A.H. ZAYAS, Star # 10661, and

CHICAGO POLICE OFFICER M.A. LOZA, Star # 10515, state as follows:

### INTRODUCTION

1.      This is a civil action seeking damages for depriving plaintiffs while acting under

color of law as Chicago Police Officials and City Officials, of rights secured by the Constitution

and laws of the United States, and for related state-law claims.

### JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42

U.S.C. §1983, and § 1985; the judicial code 28 U.S.C. §1331 and §1343 (a); the Constitution of

the United States; and pendent jurisdiction as provided under U.S.C. §1367(a).  Plaintiffs further

invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising out of state law.

## PARTIES

3.      Plaintiffs are citizens of the United States who currently reside in Chicago, Illinois.

4.      Defendants Chicago Police Officers A.H. Zayas Star # 10661, and M.A. Loza Star # 10515 were, at the time of the occurrence, duly licensed Chicago Police Officers.  They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law.  They are sued in their individual capacities.

5.      Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of all other defendants. At all times relevant hereto, all defendants were acting under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois and the City of Chicago, and within the scope of their employment with defendant institutions.

## FACTS

6.      On April 25, 2015 at or about 1:48 a.m. the Plaintiffs Laura Mendez and Maria Torres were passengers in a private motor vehicle traveling at or near 2402 South Drake Street in Chicago, Illinois.

7.      The vehicle Laura Mendez and Maria Torres were traveling in was stopped by Chicago Police Officers A.H. Zayas Star # 10661 and M.A. Loza Star # 10515.

8.      At the time of the stop Chicago Police Officers A.H. Zayas Star # 10661 and M.A. Loza Star # 10515 were in uniform and driving a marked Chicago Police vehicle.

2

9. There was no warrant for the stopped vehicle or any of the persons, including the Plaintiffs, traveling in the vehicle.

10. The Officer Defendants lacked any lawful basis to stop the car.

11. The Officer Defendants lacked any lawful basis to seize and search the Plaintiffs.

12. The vehicle stop was videotaped by defendants Chicago Police Officers A.H. Zayas Star # 10661 and M.A. Loza Star # 10515.

13. On January 14, 2016 a Motion to Quash and Suppress, alleging that this traffic stop was a without probable cause or reasonable suspicion, and alleging that the stop was a "fishing expedition" was granted in The Circuit Court of Cook County, Illinois (Case 15 CR 7298).

14. Neither of the plaintiffs was ever charged with any crime.

15. During this traffic stop all four occupants of the car, including plaintiffs, another passenger, and the driver, acted in a nonthreatening, polite, compliant, and lawful manner towards defendants Chicago Police Officers A.H. Zayas Star # 10661 and M.A. Loza Star # 10515.

16. Plaintiffs Laura Mendez and Maria Torres were unlawfully handcuffed by the Defendants.

17. They were handcuffed in a manner that would not have enhanced officer safety.

18. Plaintiffs Laura Mendez and Maria Torres, were unlawfully searched by the Defendants.

19. At no time during the handcuffing and search of Plaintiffs Laura Mendez and Maria Torres was any threat presented to the defendants by any of the occupants of the stopped vehicle, including the plaintiffs.

3

20. The handcuffing and detention of the Plaintiffs was not based upon any threat to the defendants, real or imagined.

21. The handcuffing and other physical acts done to the Plaintiffs by both Officer Defendants was excessive given the circumstances.

22. The handcuffing and detention of the Plaintiffs was done to facilitate the illegal search of the stopped vehicle, which followed the original illegal traffic stop of the same vehicle.

23. Neither Plaintiff was free to leave after being handcuffed.

24. Each officer knew that the detention of the Plaintiffs was unlawful, and that the actions taken to secure that detention by the other officer were not lawful.

25. However, having a reasonable opportunity to do so, neither officer intervened to prevent the other's unlawful conduct.

26. As a proximate result of the above-detailed actions of the Officer Defendants, both Plaintiffs suffered injuries including pain and suffering and emotional distress.

**Count I – 42 U.S.C. § 1983**
**Fourth Amendment – Excessive Force**

27. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

28. The actions of both Defendant Officers as detailed above, constitute unreasonable, unjustifiable, and excessive force against both Plaintiffs; thus, violating both Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

29. As a proximate result of the above-detailed actions of the Officer Defendants, both Plaintiffs suffered injuries including pain and suffering and emotional distress.

**Count II – 42 U.S.C. § 1983**
**Fourth Amendment – False Arrest**

30. Each of the foregoing paragraphs is incorporated as if restated fully herein.

4

31.     Both Defendants knowingly detained and arrested the Plaintiffs without probable cause or lawful justification in violation of the Plaintiffs' rights under the Fourth Amendment of the United States Constitution.

32.     As a result of both Officer Defendants' conduct, both Plaintiffs suffered injury including but not limited to emotional distress.

**Count III**
**42 U.S.C. § 1983, Illegal Seizure**

33.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

34.     The actions of the officer defendants, described above, whereby defendants knowingly handcuffed and took into custody and illegally seized Laura Mendez and Maria Torres without probable cause, reasonable suspicion, or any threat to officer defendants, or any other justification, constituted deliberate indifference to plaintiffs' rights under the U.S. Constitution, thus violating the United States Constitution.

35.     As a result of both Officer Defendants' conduct, both Plaintiffs suffered injury including but not limited to emotional distress.

**Count IV**
**42 U.S.C. § 1983, Failure to Intervene**

36.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

37.     Each Defendant had the opportunity to intervene to prevent the above enumerated violations of the United States Constitution and failed to do so.

38.     As a result of both Officer Defendants' conduct, both Plaintiffs suffered injury including but not limited to physical pain and emotional distress.

WHEREFORE, pursuant to 42 U.S.C. Section 1983 and applicable law, Plaintiffs demand judgment against the Defendants, jointly and severally, for compensatory damages and,

because the Defendants acted maliciously, wantonly, or oppressively, Plaintiffs seek punitive

damages against them in their individual capacities, plus the costs of this action and attorney's

fees, and such other and additional relief as this court deems equitable and just. Plaintiffs

demand trial by jury.

Respectfully submitted,

LAURA MENDEZ and MARIA TORRES

 /s/ James M. Baranyk_____
By:  One of their attorneys

James M. Baranyk
1543 W Morse, 2nd Flr
Chicago, IL 60626
773.517.2904

Sean C. Harrison
Harrison and Alnaqib
53 W. Jackson Blvd., #425
Chicago, Illinois 60604
(312) 361-3405